IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | | |
| | * | |
| vs. | | Criminal Action No.  JFM-08-0556 |
| | | Civil Action No. JFM-12-1392 |
| | * | |
| DELVAZ SAUNDERS | | |
| Defendant | * | |

******

**MEMORANDUM**

Delvaz Saunders has filed a motion to vacate, set aside, or correct his sentence.[1] The government has responded to the motion. Saunders has filed a reply.

Saunders' motion will be denied. It is not at all clear from the record that Saunders' counsel dismissed an appeal filed by Saunders without Saunders authorizing him to do so. A letter sent from defense counsel to Mr. Saunders indicates that it is entirely up to him whether to proceed with his appeal (although the letter also states that defense counsel believes that continuing with the appeal would not be a "wise decision" because the government could then file a § 851 notice requiring a life sentence). In any event, it is clear that to the extent that defense counsel recommended that Saunders not proceed with his appeal, the advice was not ineffective. Saunders seems to be of the view that if he had prevailed on his appeal, the government could not have sought a sentence greater than the 240 month sentence to which Saunders and the government agreed in the plea agreement they entered into. This is incorrect.

---

[1] In addition to his ineffective assistance of counsel claim discussed in his memorandum, Saunders also contends that this court committed plain error when it imposed a ten year period of supervised release, rather than the five year supervised release term agreed to by the parties. Simultaneously with the entry of this memorandum, this court is entering an amended judgment and commitment order reducing Saunders' period of supervised release from ten years to five years.

If Saunders had prevailed on appeal, the remedy would have been for the Fourth Circuit to remand the case and to permit Saunders to withdraw from the guilty plea.  If that occurred, the government would have been acting well within its rights to file the § 851 notice because the *status quo ante* would simply have been restored by Saunders' prevailing on appeal, i.e. there would have been no plea agreement and the government would have been authorized to take whatever action it deemed appropriate in the absence of a plea agreement.  *See, e.g., Bordenkircher v. Hayes*, 434 U.S. 357 (1977); *United States v. Morsley*, 64 F.3d 907, 920 (4th Cir. 1995).

      A separate order denying Saunders' motion is being entered herewith.


Date:   September 11, 2012          _____/s/_____
                                              J. Frederick Motz
                                              United States District Judge